Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

**THE TUROCI FIRM, INC.**
Todd Turoci (State Bar No. 160059)
Dustin Nirschli (State Bar No. 326648)
3845 Tenth Street
Riverside, CA 92501
Telephone (888) 332-8362
Facsimile (866) 762-0618
mail@theturocifirm.com

FOR COURT USE ONLY

☐ *Debtor(s) appearing without an attorney*
☒ *Attorneys for:* Debtor

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

In re:

1369 LONDONDERRY ESTATE, LLC,

Debtor(s)

CASE NO.: **2:20-bk-20801-BB**
CHAPTER: **11**

## NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION

### [LBR 9013-1(o)]

[No hearing unless requested in writing]

**TO THE U.S. TRUSTEE AND ALL PARTIES IN INTEREST. PLEASE TAKE NOTICE THAT:**

1. Movant(s) **1369 LONDONDERRY ESTATE, LLC** filed a motion or application (Motion) entitled **MOTION OF DEBTOR FOR AUTHORITY TO EMPLOY THE TUROCI FIRM, INC. AS GENERAL BANKRUPTCY COUNSEL**

2. Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3. The Motion is based upon the legal and factual grounds set forth in the Motion. (*Check appropriate box below*):

   ☒ The full Motion is attached to this notice; or

   ☐ The full Motion was filed with the court as docket entry #__, and a detailed description of the relief sought is attached to this notice.

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion. The deadline to file and serve

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015                    Page 1                    **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail, electronically, or pursuant to F.R.Civ.P. 5(b)(2)(D), (E), or (F) (pursuant to FRBP 9006(f)).

a. If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b. If you fail to comply with this deadline:

    (1) Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

    (2) Movant will lodge an order that the court may use to grant the Motion; and

    (3) The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date: 12/17/20

_____
Signature of Movant or attorney for Movant

Todd Turoci
_____
Printed name of Movant or attorney for Movant

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                      Page 2                      **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

**THE TUROCI FIRM, INC.**
Todd Turoci (State Bar No. 160059)
Dustin Nirschl (State Bar No. 326648)
3845 Tenth Street
Riverside, CA 92501
Telephone (888) 332-8362
Facsimile (866) 762-0618
mail@theturocifirm.com

Attorneys for Debtor

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>1369 LONDONDERRY ESTATE, LLC,<br><br>Debtor and Debtor in Possession. | Chapter 11<br>Case No. 2:20-bk-20801-BB<br><br>**MOTION OF DEBTOR FOR AUTHORITY TO EMPLOY THE TUROCI FIRM, INC. AS GENERAL BANKRUPTCY COUNSEL; DECLARATIONS IN SUPPORT THEREOF**<br><br>[11 U.S.C. § 330 and LBR 2014-1]<br><br>[No Hearing Required] |

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE; AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

**1369 LONDONDERRY ESTATE, LLC,** Debtor and Debtor in Possession herein ("Debtor"), for the Chapter 11 estate in the above-captioned bankruptcy case, hereby moves this Court for an order authorizing it to employ The Turoci Firm, Inc. (the "Firm") as general bankruptcy counsel pursuant to the provisions of 11 U.S.C. section 330 and Local Bankruptcy Rule 2014-1. In support thereof, Debtor respectfully represents as follows:

1

1.  The Petition commencing this case under Chapter 11 of the Bankruptcy Code was filed on December 9, 2020.

2.  Notice of this Motion is being given in accordance with the rules of the court. Approval of employment is being requested as of December 9, 2020 (the "Petition Date"). This motion is being submitted within 30 days of the proposed employment date and is therefore timely.

3.  It is necessary for Debtor to engage the services of experienced insolvency counsel to ensure that Debtor receives adequate legal advice and representation in its bankruptcy case.

4.  Debtor has selected the Firm to be its bankruptcy counsel to represent Debtor before the court and to perform legal services on its behalf. Debtor selected the Firm because of the considerable experience of its principal in all aspects of bankruptcy law as well as other areas of law that may become relevant during the pendency of Debtor's bankruptcy case. All attorneys employed by or associated with the Firm who will render services in this case are duly admitted to practice law in the Courts of the State of California and in the United States District Court for the Central District of California. A copy of the Firm's resume is attached hereto as Exhibit 1.

5.  Debtor requires the services of the Firm to render the following types of professional services:

    a.  To advise and assist Debtor with respect to compliance with the requirements of the United States Trustee;

    b.  To advise Debtor regarding matters of bankruptcy law, including the rights and remedies of Debtor in regard to its assets and with respect to the claims of creditors;

    c.  To represent or assist Debtor in any proceedings or hearings in the bankruptcy court and in any action in any other court where Debtor's rights under the Bankruptcy Code may be litigated or affected;

    d.  To conduct examinations of witnesses, claimants, or adverse parties and to prepare and assist in the preparation of reports, applications, motions, orders, accounts, other legal papers, and pleadings related to this Chapter 11 case;

    e.  To advise Debtor concerning the requirements of the Bankruptcy Code and applicable rules;

2

     f.     To advise and assist Debtor with respect to its powers and duties in the continued operation of Debtor's business and management of property of the estate;

     g.     To advise and assist Debtor in the administration of the estate's assets and liabilities;

     h.     To represent Debtor with regard to the preparation of a disclosure statement and the negotiation, formulation, confirmation, and implementation of a Chapter 11 plan of reorganization; and

     i.     To take such other actions and perform such other services as may be required in with this Chapter 11 case.

6.     The Firm conducted an investigation and ran a database report to determine if any of the Firm's attorneys or staff are disinterested persons to Debtor. The Firm is a disinterested person within the meaning of 11 U.S.C. section 101(14).  Furthermore, the Firm does not have an interest in the Debtor's estate in accordance with 11 U.S.C. section 327.

7.     The Firm maintains a database of all previous clients. The Firm has conducted a thorough investigation to determine if any of those previous clients have a conflict with the Debtor. The Firm does not represent any other individual or entity having an interest materially averse to Debtor in connection with this bankruptcy case.  The Firm has not represented any of Debtor's creditors.

8.     None of the attorneys comprising or employed by the Firm are related to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or to any person employed in the Office of the United States Trustee.

9.     The Firm will render services to Debtor at the Firm's regular hourly rates, which may be subject to adjustment in the future, as follows:

| **Attorneys** | **Hourly Rate** |
| --- | --- |
| Todd Turoci | $500 |
| Dustin Nirschl | $250 |

| **Law Clerks/Paralegals** | **Hourly Rate** |
| --- | --- |
| Dana Carmey | $210 |
| Treashal Kapadia | $210 |
| Daisy Diaz | $195 |

10.    The Firm also proposes to charge for its actual and necessary out-of-pocket expenses for long distance telephone calls, messenger charges, overnight mail costs, postage, parking expenses, court reporter fees, charges by the Clerk of the Bankruptcy Court, witness and mileage fees as required by statute, and expenses for the service of process when necessary. Additionally, the Firm proposes to charge as out-of-pocket expenses the following items at the following rates:

| | |
|---|---|
| Photocopies | $0.20 per page |
| Mileage | Standard IRS Mileage Rate (currently $0.575 per mile) |

11.    The Firm received a retainer payment in the amount of $25,000 from Marbella Construction, Inc. Declaration of Nile Niami.  The amount of fees and costs incurred pre-filing totaled $5,560.40.  The Firm deducted the sum of $3,742.50 for services rendered and the sum of $1,817.90 for the filing fee and other costs prior to the chapter 11 filing from the retainer. The Firm deducted the total amount of $5,560.40 for all pre-petition fees and cost. The remainder retainer of $19,439.60 has been deposited into the Firm's attorney-client trust account.

12.    Even though the pre-petition retainer was paid by an entity other than the Debtor, the Firm has made it clear to the entity and related parties, that the Firm represents the Debtor only. The Firm does not represent Marbella Construction, Inc., Park City Family Settlement, or Nile Niami in his personal capacity or as settlor of Park City Family Settlement. Turoci Declaration; Niami Declaration. The Firm has encouraged the parties to seek independent legal counsel regarding potential conflicts of interest.

13.    The Firm has not received any lien or other interest in Debtor's property, or that of any third party to secure payment of its professional fees, other than the retainer referenced in the preceding paragraphs.

14.    Although the retainer agreement provides for payment of services as they are performed, the Firm is NOT seeking post-petition or monthly payments from Debtor. Post-petition fees will be paid only after court approval of an appropriate fee application submitted

pursuant to 11 U.S.C. sections 330 and 331.  A true and correct copy of the retainer agreement is attached hereto as Exhibit 2.

    15.    The Firm will comply with the Guide to Application for Retainers and Professional and Insider Compensation promulgated by the Office of the United States Trustee, as well as any other applicable employment guidelines and fee guidelines in withdrawing the pre-petition retainer funds.

    **THEREFORE,** Debtor respectfully requests that the Court issue an order authorizing the employment of The Turoci Firm, Inc. as Debtor's bankruptcy counsel effective as of the Petition Date on the terms and conditions set forth in this application and for such other and further relief as is just and proper.

Dated: _____

                            _____
                            Nile Niami, settlor
                            o/b/o Park City Family Settlement, the sole
                            member of Debtor

Dated: 12-16-20                    **THE TUROCI FIRM**

                            _____
                            Todd Turoci, Attorney for
                            Debtor and Debtor in Possession

pursuant to 11 U.S.C. sections 330 and 331. A true and correct copy of the retainer agreement is

attached hereto as Exhibit 2.

15.    The Firm will comply with the Guide to Application for Retainers and Professional

and Insider Compensation promulgated by the Office of the United States Trustee, as well as any

other applicable employment guidelines and fee guidelines in withdrawing the pre-petition

retainer funds.

**THEREFORE,** Debtor respectfully requests that the Court issue an order authorizing the

employment of The Turoci Firm, Inc. as Debtor's bankruptcy counsel effective as of the Petition

Date on the terms and conditions set forth in this application and for such other and further relief

as is just and proper.

Dated: 12|16|2020

Nile Niami, settlor
o/b/o Park City Family Settlement, the sole
member of Debtor

Dated: _____

**THE TUROCI FIRM**

Todd Turoci, Attorney for
Debtor and Debtor in Possession

## DECLARATION OF TODD TUROCI

I, Todd Turoci, declare and state:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.

2. I am a Certified Bankruptcy Specialist, licensed to practice before all the court of the State of California, and in the United States Bankruptcy Court for the Central District of California. I am the owner and principal of The Turoci Firm, Inc. (the "Firm"), proposed general counsel for 1369 Londonderry Estate, LLC ("Debtor"), the Chapter 11 debtor and debtor in possession in the above captioned case.

3. The Firm is experienced in bankruptcy law, including debtor/creditor matters. It is competent to perform the requisite legal services in this case. A true and correct copy of the Firm's resume is attached hereto as Exhibit 1. All of the Firm's attorneys and paralegals who will work on this case are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules, and will comply with the Code and the Rules.

4. The Firm maintains a database of all previous clients. The Firm has conducted a thorough investigation to determine if any of those previous clients have a conflict with the Debtor. The Firm and I are "disinterested persons" within the meaning of 11 U.S.C. section 101(14). We are not equity security holders or insiders of Debtor; we are not and were not, within two years before the date of the filing of the petition, directors, officers or employees of Debtor; and we do not have interests materially averse to the interest of the estate, or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, Debtor or for any other reason.

5. The Firm and I do not hold or represent an interest averse to the estate. None of the attorneys comprising or employed by the Firm are related to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or to any person employed in the Office of the United States Trustee.

6. In light of the foregoing, I do not believe there is any conflict in the Firm's representation of Debtor.

7.  The Firm has not received any lien or other interest in Debtor's property, or that of any third party to secure payment of its professional fees, other than the retainer referenced in the preceding paragraphs.

8.  The Firm received a retainer payment in the amount of $25,000 from Marbella Construction, Inc.  The amount of fees and costs incurred pre-filing totaled $5,560.40.  The Firm deducted the sum of $3,742.50 for services rendered and the sum of $1,817.90 for the filing fee and other costs prior to the chapter 11 filing from the retainer. The Firm deducted the total amount of $5,560.40 for all pre-petition fees and cost. The remainder retainer of $19,439.60 has been deposited into the Firm's attorney-client trust account.

9.  Even though the pre-petition retainer was paid by an entity other than the Debtor, the Firm has informed the entity and related parties that the Firm represents the Debtor only. The Firm does not represent Marbella Construction, Inc., Park City Family Settlement, or Nile Niami in his personal capacity or as settlor of Park City Family Settlement.

10. I strongly encouraged Marbella Construction Inc., Park City Family Settlement, Nile Niami, and the Debtor to seek independent legal advice regarding the Firm's role as attorney for only the Debtor and any potential conflicts that may arise as a result of Marbella Construction, Inc. paying the pre-petition retainer.

11. A true and correct copy of the retainer agreement is attached hereto as Exhibit 2. Although the retainer agreement provides for payment of services as they are performed, the Firm is **NOT** seeking post-petition or monthly payments from Debtor.  Post-petition fees will be paid only after court approval of an appropriate fee application submitted pursuant to 11 U.S.C. sections 330 and 331.

12. The Firm and I will comply with the *Guide to Application for Retainers and Professional 2and Insider Compensation* promulgated by the Office of the United States trustee, as well as any other applicable employment guidelines and fee guidelines.

///

///

///

13. The Firm's proposed compensation is:

| **Attorney** | **Hourly Rate** |
| --- | --- |
| Todd Turoci | $500 |
| Dustin Nirschl | $250 |
| **Paralegals/Law Clerks** | **Hourly Rate** |
| Dana Cormey | $210 |
| Treashal Kapadia | $210 |
| Daisy Diaz | $195 |

14. The Firm also proposes to charge for its actual and necessary out-of-pocket expenses for long distance telephone calls, messenger charges, overnight mail costs, postage, parking expenses, court reporter fees, charges by the Clerk of the Bankruptcy Court, witness and mileage fees as required by statute, and expenses for the service of process when necessary. Additionally, the Firm proposes to charge as out-of-pocket expenses the following items at the following rates:

| Photocopies | $0.20 per page |
| --- | --- |
| Mileage | Standard IRS Mileage Rate (currently $0.575 per mile) |

15. The Firm and I have not made any arrangements for the sharing of fees with any other person or entity.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 12-16-20

_____
Todd Turoci

# DECLARATION OF NILE NIAMI

I, Nile Niami, declare and state as follows:

I have personal knowledge of the facts alleged herein and if called upon as a witness, I could and would competently testify thereto.

1.  I am the settlor of Park City Family Settlement, which is the sole member of 1369 Londonderry Estate, LLC (the "Debtor"), the debtor herein. On behalf of the Debtor, I am authorized to employ The Turoci Firm, Inc.

2.  On or about December 8, 2020, in my capacity as the settlor described above, I retained The Turoci Firm, Inc. to represent 1369 Londonderry Estate, LLC in a voluntary chapter 11 bankruptcy proceeding. I have read and understand the terms of the retainer agreement.

3.  I am the president of Marbella Construction, Inc. On or about December 8, 2020, Marbella Construction, Inc. paid $25,000 to The Turoci Firm, Inc. on behalf of 1369 Londonderry Estate, LLC as a retainer for the Firm's services in this chapter 11 proceeding. There is no expectation of repayment by 1369 Londonderry Estate, LLC of these funds.

4.  I understand that The Turoci Firm, Inc. represents 1369 Londonderry Estate, LLC only and that The Turoci Firm, Inc. owes no duty or responsibility to Marbella Construction, Inc., Park City Family Settlement, or to me personally or in my capacity as settlor of Park City Family Settlement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 12/16/2020

Nile Niami,

# Exhibit 1

# THE TUROCI FIRM, INC.

3845 Tenth Street
Riverside, California 92501
Tel: 951-784-1678 ❘ Fax: 866-762-0618

THE TUROCI FIRM, INC. (the "Firm") is owned and operated by Todd Turoci. The Firm limits its practice to the field of bankruptcy, insolvency, workouts, and related civil litigation matters. The Firm has offices in the counties of Riverside, Los Angeles, and San Bernardino. The Firm represents consumers and businesses as debtors and debtors-in-possession in Chapters 7, 11, and 13, in addition to representing Chapter 7 trustees.

## THE FIRM'S ATTORNEYS

**Todd Turoci – *Principal Attorney*:** certified by the State Bar of California as a specialist in Bankruptcy Law, 2016; as well as American Board of Certification as a specialist in Business Bankruptcy Law, 2018; admitted to the State Bar of California, 1992; Central District of California, 1993; Southern District of California, 1995; and Eastern District of California, 1995. University of the Pacific, McGeorge School of Law, Sacramento, CA (J.D. 1992).  Webster University, St. Louis, MO (M.A. Business 1988). California State University, San Bernardino, CA (B.A. Economics 1985).

Mr. Turoci has focused on bankruptcy law for well over 26 years.  He has assisted thousands of debtors, creditors, and trustees, in virtually all aspects of bankruptcy law including involuntary cases and adversary proceedings. He currently serves as the Newsletter Committee Chair of the Central District Consumer Bankruptcy Attorney Association.

**Hon. Meredith Jury (Ret.) – *Of Counsel*:** admitted to the State Bar of California, 1976; (Ret.) Bankruptcy Judge, United States Bankruptcy Court, Central District of California, 1997-2018; University of California, Los Angeles School of Law, Los Angeles, CA (J.D. 1976). University of Wisconsin, Madison, WI (M.S. English Education 1972). University of Wisconsin, Madison, WI (M.A. Economics 1971). University of Colorado, Boulder, CO (B.A. English 1969).

Judge Jury joined the Firm in July 2018. She has served over 20 years as Bankruptcy Judge presiding over thousands of bankruptcy proceedings. She has also served as a member of the United States Bankruptcy Appellate Panel for the Ninth Circuit. Prior to taking the bench she had over 21 years of experience as a litigator primarily practicing in bankruptcy. She was the first female associate and partner at Best, Best, Krieger, a professional law firm in Riverside, California. She now actively serves her community with extensive *pro bono* work.

**Dustin Nirschl – *Associate Attorney*:** admitted to the State Bar of California, Central District of California, 2019. University of California, Irvine School of Law (J.D. 2018). University of Colorado, Boulder, CO (B.A. 2012).

Mr. Nirschl joined the Firm in July 2019. As a law student he was an extern for the Honorable Scott C. Clarkson of the United States Bankruptcy Court, Santa Ana Division in 2017. He also served as an extern for the City Attorney's Office of Newport Beach, CA in 2017. Mr. Nirschl has been an active member of the Green Ribbon Environmental Committee since 2016, he is currently the Planning Commissioner for the committee.

## THE FIRM'S PARAPROFESSIONALS

**Dana Cormey - *Law Clerk*:** Ms. Cormey has over 16 years of bankruptcy experience in Chapters 7, 11, and 13. Ms. Cormey originally joined the Firm in 2008. Southern California Law School, Riverside, CA (J.D. 2018). California State University, San Bernardino, CA (B.A. 2004). California State University, San Bernardino (Paralegal Certificate 2004).

**Treashal Kapadia – *Law Clerk*:** Ms. Kapadia has over 7 years of experience in civil litigation. Ms. Kapadia joined the Firm in June 2018. Suffolk University Law School, Boston, MA (J.D. 2013). University of California-Irvine, Irvine, CA (B.A. 2009).

**Daisy Diaz - *Senior Paralegal*:** Ms. Diaz is a senior paralegal with over 11 years of experience in Chapters 7, 11, and 13. Ms. Diaz joined the Firm in October 2011. Riverside City College, Riverside, CA (Paralegal Certificate in progress). University of California, Riverside, CA (B.A. in progress).

## SIGNIFICANT CASES

*In re American Publishing Corp.,* 6:99-bk-13768, chapter 11. This publishing company had a significant number of creditors, a large amount of debt, and annual sales exceeding $17 million. A plan of reorganization was confirmed on February 25, 2000.

*In re DiCarlo*, 6:99-bk-12227, chapter 11. The individuals' estate consisted primarily of real estate with significant equity but subject to judicial foreclosure. The debtors were able to reorganize and utilize a tax-deferred 1031 exchange to enable debt repayment while preserving equity. Plan confirmed on June 13, 2000.

*In re Cooks*, 6:02-bk-27954, chapter 11. The individual's estate consisted of more than 50 parcels of real property. The Chapter 11 case allowed debtor time and relief to take advantage of a rising real estate market and successfully sell certain properties. He was able to pay his creditors in full without the need for a confirmed plan of reorganization.

*In re Dansereau Health Products, Inc.*, 6:03-bk-10732, chapter 11.  This large dental equipment manufacturing company found itself unable to pay its creditors and faced having to close its doors and terminate its employees because of a significant decline in business after September 11, 2001. After intense litigation and negotiation, a successful plan of reorganization was implemented and over 40 employees were able to retain their jobs.  Plan confirmed on January 21, 2004.

*In re Barlow*, 6:14-bk-16872, chapter 7, and *Whitmore v. E\*Trade*, 6:17-ap-01021. Represent chapter 7 trustee in an asset case, successfully litigating turnover property of the estate.

*In re BSA International Aerospace Co.*, 6:15-bk-18644, chapter 11.  This company provided engineering and manufacturing services to the aerospace industry.  A joint plan of reorganization was confirmed on June 22, 2016.

*In re Coleman*, 6:15-bk-20306, chapter 11.  Individual debtors with significant mortgage and tax debt.  A plan of reorganization was confirmed on November 04, 2016.

*In re Warda*, 1:16-bk-11598, chapter 11.  Individual debtor with significant mortgages and multiple properties.  A plan of reorganization was confirmed on January 04, 2019.

*In re B & B Family, Incorporated,* 6:16-bk-19993, chapter 11.  Debtor operates an Oggi's Pizza franchise, which was historically profitable but had some internal setbacks, including substantial tax and secured debt.  The filing provided time and relief to reorganize. A reorganization plan was confirmed on November 14, 2017.

*In re Cornejo*, 6:16-bk-14073, chapter 7, and *Whitmore v. Rodriguez*, 6:16-ap-01244. Represent chapter 7 trustee in fraudulent conveyance action. Resolution of the case resulted in a 100% payment to all creditors.

*In re McMillan*, 6:17-bk-17312, chapter 11.  Individual debtors with significant mortgage and tax debt.  A plan of reorganization was confirmed on October 29, 2018.

*Redmond v. Fracasse*, 6:17-ap-01024.  Successful prosecution of overly zealous creditor that involved reversing a judicial foreclosure sale, amending a motion for relief from stay, enjoining an eviction based on the void judicial foreclosure sale, and a substantial fee award. The results were affirmed on appeal.

*In re Lewis*, 6:17-bk-13018, chapter 7, and *Speier v. Glackin*, 6:17-ap-01167.  Represented chapter 7 trustee in asset case, including successful litigation to avoid fraudulent transfers and for turnover of estate property.

*In re Auto Strap Transport, LLC,* 6:17-bk-19936, chapter 11. Debtor operated a large auto transport company throughout the continental United States, with three locations and approximately 80 tractor/trailer sets and 20 million dollars in annual revenue. The filing provided this company with the opportunity for reorganization.  A sale of substantially all assets was approved.  The case was dismissed on January 31, 2019 and closed on February 22, 2019.

*In re CompCare Medical, Inc.,* 6:18-bk-12748, chapter 11. This medical practice underwent significant internal changes due to an abrupt loss of employees. Filing this case allowed debtor time and relief to successfully reorganize. The plan of reorganization was confirmed on October 02, 2018. A motion for final decree was filed and granted. The order on the motion for final decree was entered on April 10, 2019.

*In re Corp Realty USA, LLC.,* 9:18-bk-10741, chapter 11. This case involved the hotly contested value of a unique luxury property in Malibu, California. Orders granting relief from stay were appealed. The debtor was able to successfully cure all mortgage arrears without the need for a confirmed plan of reorganization. The case was dismissed on February 14, 2019 and closed on February 25, 2019.

*In re Investment Group, LLC,* 6:18-bk-17175, chapter 11. This case involves two parcels of commercial property, suspicious deeds of trust, and a motion to value the real property to extinguish junior liens.

*In re Maxine Gilliam,* 6:18-bk-18956, chapter 11. This case involves three parcels of real property and a motion to value one of the three real properties.

*In re Aguado*, 6:18-bk-14953, chapter 7. Represent chapter 7 trustee in recovering undisclosed property of the estate.

*In re Carlton and Charmaine Collins-Cepeda,* 6:18-bk-20185, chapter 11. Individual debtors with significant student loans and tax debt. A plan of reorganization was confirmed on March 13, 2020.

*In re Dani Transport Service, Inc,* 6:20-bk-11234, chapter 11. Debtor operates an auto transport company with approximately 25 tractor/trailer and grosses approximately $2.2 million per year. The filing provided this company with the opportunity for reorganization. A chapter 11 plan of reorganization has been filed and is pending confirmation.

*In re Camp Croteau, Inc.,* 6:20-bk-14458, chapter 11. Debtor operates a gym and grosses approximately $530,000 per year. The filing provided this company with the opportunity for reorganization. A chapter 11 plan of reorganization has been filed and is pending confirmation.

Exhibit 2



# THE TUROCI FIRM

3845 Tenth Street
Riverside, CA 92501

Todd Turoci, Attorney
Dustin Nirschl, Attorney

Hon. Meredith Jury (Ret.)
Of Counsel
Telephone: 951-784-1678
Facsimile:  866-762-0618
mail@theturocifirm.com

December 8, 2020

1369 Londonderry Estate, LLC
Attn. Nile Niami
8981 W Sunset Blvd., Suite 303
West Hollywood, Ca 90069

## CHAPTER 11 RETAINER AGREEMENT

Dear Mr. Niami,

Please accept this letter as confirmation that you have retained The Turoci Firm (the "Firm") to represent 1369 Londonderry Estate, LLC ("Londonderry") in a Chapter 11 bankruptcy filing.  This agreement is effective on the date the Firm first provided legal services on Londonderry's behalf or the date set forth above whichever is later.

The Firm will act as Londonderry's reorganization/liquidation counsel, and, in such connection, will render such ordinary and necessary legal services as may be required in connection with the Chapter 11 bankruptcy filing.  This includes assisting Londonderry in analyzing its financial situation; providing Londonderry with information regarding the potential benefits and detriments of a bankruptcy filing; preparing and filing the voluntary petition, schedules, statement of financial affairs, and the other papers required to be filed to commence a bankruptcy case; advising Londonderry with respect to matters concerning executory contracts and leases, cash collateral, creditors' claims and negotiation; assisting in the preparation and confirmation of a chapter 11 plan of reorganization; representation in litigation in the bankruptcy court, limited to bankruptcy law issues; and otherwise providing advice regarding legal rights and responsibilities under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

In the event Londonderry desires the Firm to perform legal services other than as described above, Londonderry will advise us of such services, and if the Firm agrees to undertake the representation, a further retainer letter may be drafted and signed before the

additional services are undertaken.  In the event an additional agreement is not signed, this agreement will cover those services.

Be aware that we represent Londonderry and not PARK CITY FAMILY SETTLEMENT, Nile Niami, or any manager, or employee of Londonderry.

Our current hourly rates for attorney and paralegal time vary depending upon the education and experience level of the individual performing the services.  The hourly rates of our professional staff range from $175 per hour to $500 per hour.  We keep track of our time in tenths of an hour.  **Londonderry shall be charged for all time incurred by our attorneys and paralegals in handling the case.  This includes but is not limited to time spent on or in consultations, appointments, telephone calls, emails, other correspondence, research, drafting, travel time, and court time.**

Costs are added when our office advances or incurs expenses.  We charge for long distance calls, messengers, and parking at cost.  Other common expenses are billed as follows:  photocopying at twenty cents ($.20) per page and mileage at the standard IRS rate.

We must receive an executed copy of this agreement before we will file Londonderry's bankruptcy petition.  In order to begin the work, we require a $25,000 retainer (the "Retainer").  The Retainer will be deposited into our client trust account to be applied in satisfaction of the fees and costs incurred before filing the petition.  The remainder of the Retainer, if any, shall remain in the trust account to be drawn down as allowed by the bankruptcy court.  The total cost of this Chapter 11 case will exceed the Retainer depending on how complex and litigious the case becomes.  Fees in simple cases with little to no conflict can easily reach $50,000.  If a case is more complex or there is conflict with creditors, the fees can be substantially higher.

The parties hereto expressly understand and agree that following the filing of the bankruptcy petition, all fees and costs incurred by the Firm for this matter will be subject to review and approval by the bankruptcy court and will be paid from the bankruptcy estate of debtor.  The parties agree to cooperate with one another to not unreasonably delay the presentation of any of the Firm's invoices to the bankruptcy court and to use reasonable efforts to seek prompt approval from the bankruptcy court to permit timely payment of the Firm's invoices.

If Londonderry's Chapter 11 case is ultimately dismissed for any reason, Londonderry will still owe the fees charged by the Firm up to that date.  Similarly, if Londonderry choose to replace us with other counsel or we withdraw from representation, Londonderry will be responsible for the fees incurred up to that date.

Either party may request that this agreement be terminated at any time, however, the Firm may not terminate this agreement without just cause or except as provided by the

Professional Rules of Conduct for attorneys. If Londonderry desires to retain another attorney, we agree to cooperate with anyone Londonderry choose to implement an orderly transition. This office will be entitled to fees and reimbursement of costs as provided by this agreement for the transition work. If we want to stop representing Londonderry due to reasonable cause, we will give Londonderry up to thirty days' notice to retain another attorney. At the end of that time, Londonderry agrees to sign a form that will relieve us as its attorneys. The new attorneys can take over from that point.

Please sign the original copy of this letter of agreement to indicate that you have read and understood its contents and return it to the Firm. We assume, and it is expected, that you will ask any questions that you may have before signing it.

While we cannot guarantee results or make representations as to our results, we do guarantee our customer service. If at any time you do not feel that our response to Londonderry is as prompt as you feel that it should be or if you do not understand any aspect of Londonderry's case, please let us know, and we will promptly schedule a meeting or telephone conference to ensure you are clear on each and every issue in the case.

As always, please do not hesitate to contact us with any questions.

Very truly yours,

THE TUROCI FIRM
Todd Turoci

I have read and understand the terms of this letter agreement, accept and agree to abide by the terms of this agreement and/or to perform my obligations under this agreement.

Dated: 12/8/2020

Nile Niami

Label Matrix for local noticing
0973-2
Case 2:20-bk-20801-BB
Central District of California
Los Angeles
Thu Dec 17 14:07:35 PST 2020

10701 Bellagio Road, LLC
8981 W. Sunset Blvd., Suite 303
West Hollywood, CA 90069-1850

8981 W. Sunset Blvd., Suite 303
West Hollywood, CA 90069-1850

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

AIG Private Client Group
PO Box 601148
Pasadena, CA 91189-1148

Blanca Tile
9425 Olympic Blvd.
Pico Rivera, CA 90660-2143

Carcassonne Fine Homes, LLC
8981 W. Sunset Blvd., Suite 303
West Hollywood, CA 90069-1850

Centurion LV
607 E. Brisa Drive
Phoenix, AZ 85085-7216

County of Los Angeles Tax Collector
PO Box 512102
Los Angeles, CA 90051-0102

Crestlloyd, LLC
8981 W. Sunset Blvd., Suite 303
West Hollywood, CA 90069-1850

Davidson Accountancy
14011 Ventura Blvd. Suite 302
Sherman Oaks, CA 91423-5226

Dunfanaghy Bay Ventures, LLC
dba Skyline Development
8981 W. Sunset Blvd., Suite 303
West Hollywood, CA 90069-1850

First American Title Insurance Co.
4380 La Jolla Village Drive
Suite 110
San Diego, CA 92122-1200

First Republic Bank
Loan Servicing Department
111 Pine Street
San Francisco, CA 94111-5608

Franchise Tax Board Bankruptcy
Section, MS: A-340
P. O. Box 2952
Sacramento, CA 95812-2952

GB Developing
2328 Durfee Ave, Suite G
Calabasas, CA 91372

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Italian Luxury Group
4 NE 39th Street
Miami, FL 33137-3630

JMS
7640 Burnet Ave.
Van Nuys, CA 91405-1005

Jensen Construction
3278 Mataro Street, Suite 1
Pasadena, CA 91107-6027

LADWP
PO Box 30808
Los Angeles, CA 90030-0808

Marbella Construction, Inc.
8981 W. Sunset Blvd., Suite 303
West Hollywood, CA 90069-1850

Nile Niami
8981 W. Sunset Blvd., Suite 303
West Hollywood, CA 90069-1850

Powertek Electric Inc.
28364 S. Western Avenue, #414
Rancho Palos Verdes, CA 90275-1434

Quattro Investment, Inc.
c/o Paul Weinberg
5 Park Plaza, Suite 1500
Irvine, CA 92614-8595

Snyder Diamond
1399 Olympic Blvd.
Santa Monica, CA 90404-3776

Southern California Gas
PO Box C
Monterey Park, CA 91754-0932

State Board of Equalization
Account Information Group, MIC: 29
P.O. Box 942879
Sacramento, CA 94279-0029

State Board of Equalization
Special Operations Bankruptcy Team
MIC: 74
P.O. Box 942879
Sacramento, CA 94279-0074

U.S. Small Business Administration
Attn: So Cal Legal Unit
330 North Brand Boulevard, Suite 12
Glendale, CA 91203-2320

United States Attorney s Office
Federal Building, Room 7516
300 North Los Angeles Street
Los Angeles, CA 90012-3336

Ben Franklin Station
P. O. Box 683
Washington, DC 20044-0683

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560


West Valley Green
14761 Tupper Street
Panorama City, CA 91402-1222

Westside Estate Agency
210 N. Canon Drive
Beverly Hills, CA 90210-5302

Yogi Securities Holding, LLC
Attn. Joseph Englanoff
9701 West Pico Boulevard, Suite 201
Los Angeles, CA 90035-4743


Yvonne Niami
301 Copa de Oro Road
Los Angeles, CA 90077-3822

Todd L Turoci
The Turoci Firm
3845 Tenth Street
Riverside, CA 92501-3519


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Courtesy NEF

End of Label Matrix
Mailable recipients    37
Bypassed recipients     1
Total                  38

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
3845 Tenth Street, Riverside, CA 92501

A true and correct copy of the foregoing document entitled (*specify*): **MOTION OF DEBTOR FOR AUTHORITY
TO EMPLOY THE TUROCI FIRM AS GENERAL BANKRUPTCY COUNSEL; DECLARATIONS IN
SUPPORT THEREOF**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
12/17/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Mel Aranoff**   maranoff@mbnlawyers.com
- **Simon Aron**   saron@wrslawyers.com, eweiman@wrslawyers.com
- **Eryk R Escobar**   eryk.r.escobar@usdoj.gov
- **Kenneth G Lau**   kenneth.g.lau@usdoj.gov
- **Todd L Turoci**   mail@theturocifirm.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Johnny White**   JWhite@wrslawyers.com,
  aparisi@wrslawyers.com;eweiman@wrslawyers.com;chamilton@wrslawyers.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On 12/17/2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or
adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class,
postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will
be completed</u> no later than 24 hours after the document is filed.

Honorable Sheri Bluebond
U.S. Bankruptcy Court
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1534 / Courtroom 1539
Los Angeles, CA 90012

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/17/2020 | Dana Cormey | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**